IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEAGRUM BERNARD FORD,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br><br><br>Case No. 2:04-CR-117 TS |

This matter is before the Court for consideration of a letter written by Defendant seeking a sentence reduction under the Fair Sentencing Act of 2010. Because Defendant was sentenced to the minimum mandatory sentence of 120 months, Defendant's Motion must be denied.

I. BACKGROUND

Defendant Seagrum Bernard Ford was named in a five-count Indictment on March 3, 2004. Of significance here is Count 4 of the Indictment, which charged Defendant with possessing with the intent to distribute fifty grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(A).

1

Defendant pleaded guilty to all five counts of the Indictment on March 4, 2005. As to Count 4, Defendant admitted that, on February 20, 2004, he distributed 5.9 grams of a mixture or substance containing cocaine base, and that he possessed an additional 82.7 grams of a mixture or substance containing cocaine base for the purpose of distributing it to others.

Count 4 carried a mandatory minimum sentence of 120 months. On June 13, 2005, the Court sentenced Defendant to the mandatory minimum sentence of 120 months.

## II. DISCUSSION

Defendant seeks a sentence reduction under the Fair Sentencing Act of 2010. The relevant portion of the Fair Sentencing Act of 2010 increased the amount of cocaine base required to trigger the 10-year minimum mandatory sentence from 50 grams to 280 grams.

As set forth above, Defendant pleaded guilty to Count 4, admitting that he possessed over 50 grams of cocaine base, thus subjecting him to the then-applicable minimum mandatory sentence of ten years. Under the amended version of 21 U.S.C. § 841, Defendant would not be subject to the minimum mandatory sentence, as he possessed less than 280 grams of cocaine base. However, Congress did not make the statutory change concerning the minimum mandatory retroactive.[1] Because Defendant was sentenced to the mandatory sentence, the Court is without the authority to alter his sentence. The recent amendments to the Sentencing Guidelines similarly fail to provide Defendant with the relief he seeks because Defendant was sentenced under the statutory minimum sentence, rather than the guidelines. Therefore, the Court must deny Defendant's Motion. Defendant was sentenced to the mandatory sentence of 120 months

---

[1] *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010).

and the Fair Sentencing Act of 2010 provides no basis for the Court to reduce Defendant's sentence below that mandatory minimum sentence.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 67) is DENIED.

DATED   November 22, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge